Oscar Stilley Attorney at Law Central Mall Plaza Suite 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed amendment to the Arkansas Constitution:
 POPULAR NAME AN AMENDMENT TO ABOLISH THE SALES AND USE TAX UPON USED GOODS, AND TO ABOLISH THE ARKANSAS STATE TAX UPON PERSONAL AND CORPORATE INCOMES, OR, ALTERNATIVELY, TO AUTHORIZE THE PHASE OUT OF THE ARKANSAS INCOME TAX GRADUALLY, ON CONDITION THAT THE STATE FULLY PROTECT THE DUE PROCESS RIGHTS OF THE PAYERS OF CERTAIN TAXES, AND FOR OTHER PURPOSES
 BALLOT TITLE AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO ABOLISH THE STATE AND LOCAL SALES AND USE TAX ON USED GOODS, AND THE STATE TAX ON PERSONAL AND CORPORATE INCOMES; TO AUTHORIZE THE COLLECTION OF SALES AND USE TAX ON GOODS USED TO MAKE REMANUFACTURED GOODS, BUT NOT ON THE FULL PRICE OF THE REMANUFACTURED GOODS; TO AUTHORIZE THE ARKANSAS GENERAL ASSEMBLY TO PHASE OUT THE TAXES ON PERSONAL AND CORPORATE INCOME ON CONDITION THAT THE GENERAL ASSEMBLY PROTECT ALL ARKANSAS CITIZENS AND LAWFUL RESIDENTS FROM THE COLLECTION OF ANY DIRECT TAX BY LIEN, LEVY, OR OTHER DISTRAINT UPON THE WAGES, BANK ACCOUNTS, OR OTHER PROPERTY OF THE TAXPAYER, BY ANY GOVERNMENTAL AGENCY WHATEVER, WITHOUT THE CONSENT OF THE TAXPAYER OR AN ORDER OF A DULY CONSTITUTED COURT OF COMPETENT JURISDICTION, TAKEN AND ENTERED AFTER THE TAXPAYER HAS BEEN GIVEN NOTICE AND OPPORTUNITY TO DEFEND, WITH THE RIGHT TO JURY TRIAL AND ALL OTHER US CONSTITUTIONAL GUARANTEES, 1) BY ENFORCED DIRECT LEGISLATIVE PROHIBITION, OR, 2) BY REPAYING THE CITIZEN THE MONEY TAKEN, OR THE REASONABLE VALUE OF THE PROPERTY TAKEN, WITHIN 30 DAYS OF NOTIFICATION OF AN OFFICER LEGISLATIVELY DESIGNATED FOR THAT PURPOSE, OR, 3) BY PAYMENT OF THREE TIMES THE WHOLE AMOUNT OF TAX SET FORTH IN THE PERTINENT LIEN, LEVY OR OTHER SUMMARY COLLECTION DOCUMENT, PRIOR TO ASSESSING OR COLLECTING ANY STATE INCOME TAX FOR THE YEAR IN WHICH THE LIEN OR LEVY WAS FILED OR EXECUTED; TO PROVIDE THAT LIABILITY FOR DAMAGES TO BE PAID BY THE STATE PURSUANT TO THIS AMENDMENT OR IMPLEMENTING LEGISLATION SHALL BE DEEMED A PENALTY FOR CAUSING OR FAILING TO PREVENT THE VIOLATION OF PROCEDURAL DUE PROCESS, AND SHALL NOT BE AFFECTED BY ANY LATER ADJUDICATION OF THE UNDERLYING TAX LIABILITY; PROVIDING THAT THE TERM "DIRECT TAXES" FOR PURPOSES OF THIS AMENDMENT MEANS TAXES UPON THE EARNING, PAYMENT, OR RECEIPT OF WAGES, SALARY, OR OTHER INCOME, AND TAXES UPON ESTATES, INHERITANCES, AND GIFTS; PROVIDING THAT IF THE STATE OF ARKANSAS FULLY OBEYS AND ENFORCES THE PROCEDURAL DUE PROCESS PROVISIONS SET FORTH IN THIS AMENDMENT, AND IN ANY IMPLEMENTING LEGISLATION, WHICH MUST BE MADE EFFECTIVE NO LATER THAN JULY 1, 2001, THE STATE MAY FOR THE TAXABLE YEAR 2001, AND ALL SUBSEQUENT YEARS, COLLECT INCOME TAXES IN AN AMOUNT NO GREATER THAN THAT WHICH, TOGETHER WITH STATE SALES AND USE TAX REVENUES, IS NECESSARY TO GENERATE NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE PREVIOUS YEAR, AS NEAR AS PRACTICABLE; PROVIDING THAT TAXPAYERS WITH THE LOWEST INCOMES, WHETHER CORPORATE OR PERSONAL, SHALL BE FIRST EXCUSED FROM THE PAYMENT OF INCOME TAXES; PROVIDING THAT AFTER THE LAST YEAR IN WHICH INCOME TAX IS NECESSARY TO SUPPLY THE STATE WITH NET REVENUE EQUAL TO THE NET REVENUE FROM INCOME TAXES AND STATE SALES AND USE TAXES FOR THE PREVIOUS YEAR, THE INCOME TAX SHALL BE FOREVER PROHIBITED UNLESS AND UNTIL REAUTHORIZED BY CONSTITUTIONAL AMENDMENT; PROVIDING THAT THE TERM "STATE SALES AND USE TAX" SHALL NOT INCLUDE SALES AND USE TAX EARMARKED EXCLUSIVELY FOR COUNTY AND MUNICIPAL GOVERNMENTS; PROVIDING THAT IF ANY PARTICULAR CLASS OF GOODS OR SERVICES IS EXEMPTED FROM SALES AND USE TAX, AFTER THE DATE OF THIS AMENDMENT, WHETHER BY THE GENERAL ASSEMBLY OR BY THE INITIATIVE PROCESS, THE PHASE OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF SUCH SALES AND USE TAX EXEMPTION HAD NOT BEEN GRANTED; PROVIDING THAT IF THE RATE OF THE STATE SALES AND USE TAX IS REDUCED, THE PHASE-OUT OF THE INCOME TAX SHALL BE CALCULATED AND IMPLEMENTED AS IF THE RATE OF THE STATE SALES AND USE TAX HAD NOT BEEN REDUCED; PROVIDING THAT IF THE STATE SALES AND USE TAX IS INCREASED, THE PHASEOUT SHALL BE CALCULATED INCLUDING THE ADDITIONAL REVENUE AS STATE SALES AND USE TAX REVENUES, UNLESS OTHERWISE SPECIFICALLY AUTHORIZED BY APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS VOTING ON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE COLLECTION OF INCOME TAX WHILE FAILING TO COMPLY WITH SECTION 2 OF THIS AMENDMENT, OR ITS IMPLEMENTING LEGISLATION, SHALL CONSTITUTE AN ILLEGAL EXACTION; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF EXECUTING AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED; AND FOR OTHER PURPOSES.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
The uncertainty to which I refer emanates from Section 3 of your proposed amendment involving the method of phasing out the state income tax. This portion of the text, even if summarized verbatim, is misleading due to its failure to explain the assumptions which underlie the "phase out" option. The phase-out appears to be premised, for instance, on the assumption that personal and corporate incomes will continue to rise, based upon inflation. What happens, however, in the event of a recession? Isn't it likely that sales and use tax rates will increase, perhaps dramatically in that case? Additionally, if the phase-out contemplates the eventual replacement of the income tax with the state sales and use tax, should this fact not be stated in the ballot title? Also, is there any information currently available regarding the projected time period involved in any such gradual phase-out of the income tax? If it is unlikely that such phase-out will occur in the relatively near future, then in my judgment this fact must be reflected in the ballot title.
In conclusion, the failure to more fully explain the "phase-out" option in the above respects is misleading and could lead a court to conclude that the title omits "essential facts" which would give the voter "serious ground for reflection." Bailey v. McCuen, supra. I am reluctant, however, to interject my own interpretation of your measure on these points into a ballot title or popular name given my uncertainty as to the precise assumptions underlying the phase-out option. These questions must be addressed in your measure and ballot title.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen,303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed amendment, along with a new proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General